IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 AUG -4  AM 10: 29
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

RALPH SNEED,
            **Plaintiff,**

-vs-                                           Case No. A-14-CA-272-SS

**UNIVERSITY OF TEXAS AT AUSTIN and PRESIDENT WILLIAM POWERS, JR., in his official capacity,**
            **Defendants.**

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant University of Texas at Austin's Second Motion to Dismiss [#11], Plaintiff Ralph Sneed's Response [#13], and the University's Reply [#14]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is an employment discrimination and retaliation case brought by Plaintiff Sneed against his employer, the University of Texas, and its President. Sneed formerly worked as a Crew Leader in the Carpentry Department. He alleges his own disability, sleep apnea, and his wife's undisclosed medical condition forced him to take leave from work between January 2012 and December 2012. Sneed complains he then received negative comments on performance evaluations beginning in April 2012, and was ultimately forced to agree to a demotion in December 2012 to avoid termination.

Sneed filed a Charge of Discrimination with the Equal Employment Opportunity Commission on September 13, 2013. *See* 1st Am. Compl. [#10], Ex. A. In the "Discrimination



Based On" section of the form, Sneed checked only the "Disability" box. *Id.* In the narrative section, Sneed described "experiencing medical issues that affect [his] focus and physical health," and suggested he was being evaluated unfairly. *Id.* Sneed claimed he asked for an accommodation for his sleep apnea in the form of "getting a planner and being assigned an assistant," but did not receive the accommodation. *Id.* Sneed described agreeing to the demotion to avoid "risk[ing] being terminated if [he] continue[d] to make errors." *Id.* Finally, Sneed expressly alleged he was being discriminated against in violation of the Americans with Disabilities Act (ADA). *Id.*

The EEOC issued a dismissal and right to sue letter on December 26, 2013. Sneed filed this lawsuit on March 27, 2014. His First Amended Complaint asserts the following causes of action: (1) disability discrimination and failure to accommodate in violation of the ADA; (2) retaliation in violation of the Family and Medical Leave Act (FMLA); and (3) discrimination in violation of Section 504 of the Rehabilitation Act. The University now moves to dismiss.

## Analysis

### I. Legal Standards

Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject matter jurisdiction as a defense to suit. The burden of establishing subject matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

In evaluating a challenge to subject matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez*

*v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics*

*Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.    Application

The Court will address Sneed's various causes of action in turn.

### A.    Americans With Disabilities Act Claims

The University has moved to dismiss the ADA claims against it on sovereign immunity grounds. The parties' briefing indicates they are now in agreement that, as of Sneed's live First Amended Complaint, Sneed asserts his ADA claims only against Defendant Powers in his official capacity for prospective injunctive relief, and asserts no ADA claims against the University. The University's motion suggests a separate answer or motion to dismiss will be filed by Defendant Powers. *See* Mot. Dism. [#11], at 7 n.8.

The University has also moved to dismiss Sneed's failure to accommodate claim on the ground Sneed failed to exhaust his administrative remedies prior to filing suit. Prior to filing any claim under the ADA, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged violation. 42 U.S.C. § 12117 (Title VII standards apply to ADA); *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) (Title VII plaintiffs in Texas have 300 days after discriminatory

conduct to file a charge of discrimination). Sneed's Charge alleges he was denied a requested accommodation in August 2012. Even assuming the denial occurred on the last day of the month, Sneed's Charge filed September 13, 2013 (378 days from August 31, 2012) is not timely. Sneed alleges his Charge was timely based on other claims of harassment, threatened termination, and his constructive demotion, which occurred as late as December 2012. But those events have nothing to do with Sneed's failure to accommodate claim, which accrued on the date the University allegedly denied Sneed his requested accommodation. Because Sneed's Charge was not filed within 300 days of that denial, his failure to accommodate claim is time-barred. *Windhauser v. Bd. of Supervisors for La. State Univ. & Agric. & Mech. Coll.*, 360 F. App'x 562, 566 (5th Cir. 2010) (unpublished).[1] The University's motion to dismiss Sneed's ADA failure to accommodate claim is GRANTED.

**B.     Family and Medical Leave Act Claims**

The University first argues Sneed's FMLA retaliation claim must be dismissed because Sneed failed to exhaust his administrative remedies by raising such a claim in his Charge filed with the EEOC. Although the University doggedly pursues this argument, it cannot succeed. In fairness to the University, it has identified one unpublished Fifth Circuit opinion which affirmed the dismissal of an FMLA retaliation claim based on a failure to exhaust the claim before the EEOC. *See Williams v. AT&T Inc.*, 356 F. App'x 761, 766 (5th Cir. 2009) (unpublished). However, because that

---

[1] Sneed's Response suggests he has also pleaded an ADA retaliation claim based on his request for an accommodation. *See* Resp. [#13], at 8 (referencing a "claim for retaliation for the denial of accommodation"). Nothing in his First Amended Complaint indicates an intent to plead such a claim. Sneed specifically described his complaint as an "action alleging disability discrimination and/or [FMLA] retaliation or, in the alternative, Rehabilitation Act violations." 1st Am. Compl. [#10] ¶ 1. Sneed further described his ADA claim as a discrimination claim, not a retaliation claim. *See id.* ¶ 79 ("UT violated the ADA . . . and discriminated against Sneed because of his disability . . . ."). Such distinctions are important even when analyzing charges filed by lay persons, and thus moreso when reviewing pleadings filed by licensed attorneys. *Cf. Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 921 (5th Cir. 2009) (unpublished) ("[D]iscrimination and retaliation claims are distinct, and the allegation of one in an EEO charge does not exhaust a plaintiff's remedies as to the other.").

opinion is unpublished, it is not binding precedent in this or any other court. *See* 5TH CIR. RULE 47.5.4 ("Unpublished opinions issued on or after January 1, 1996, are not precedent . . . ."). Additionally, the sole authority on which *Williams* relied was a Title VII case, not an FMLA case. *See Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 413–14 (5th Cir. 1981). Although courts sometimes refer to cases interpreting one statute when addressing the other, those comparisons are apt only when the statutes use identical language or define terms in the same way. *E.g.*, *Rutland v. Pepper*, 404 F.3d 921, 924 n.2 (5th Cir. 2005) (relying on Title VII cases to interpret FMLA and FLSA where all three statutes "contain . . . identical definitions of 'employee'"). The University has not identified any language in the FMLA similar to the exhaustion-requirement language in Title VII. Additionally, the regulations interpreting the FMLA do not require exhaustion. *See* 29 C.F.R. § 825.400(a) (FMLA plaintiff may file a complaint with the Secretary of Labor, or file a private lawsuit). The Court therefore declines to dismiss Sneed's claim on this basis.

Second, the University argues Sneed has failed to plead sufficient facts to establish a viable FMLA retaliation claim. In order to make a prima facie showing of retaliation under the FMLA, a plaintiff must establish: "(1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because she took FMLA leave." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001). The University contends Sneed fails to meet these requirements because: (1) he has not identified the "serious health condition" his wife suffered, and thus not shown he was protected under the FMLA; (2) he did not provide the University with sufficient notice of his desire to take FMLA leave; and (3) he did not provide the University with sufficient certifications regarding his wife's condition.

None of the University's arguments are persuasive at the Rule 12 stage. First, although Sneed has withheld his wife's precise diagnosis from his complaint, he has pleaded surrounding facts such as her "doctor's appointments, periods of incapacity, surgery, and post-surgery rehabilitation." 1st Am. Compl. [#10] ¶ 33.[2] Though it is a bit vague as to specifics, Sneed's complaint is sufficient to provide the University with the basis of his FMLA retaliation claim. Second, Sneed alleges he communicated the need and reasons for his absences to his supervisor each time he needed leave. *Id.* ¶¶ 33–36. The University correctly acknowledges some employers may require additional certifications from the health care provider. *See* 29 U.S.C. § 2613(a). Whether the University required such certifications, whether Sneed provided them, and whether Sneed's direct communications with his supervisor were sufficient to place the University on notice of both the nature of and need for his absences can be determined on the basis of an evidentiary record.

The University's motion to dismiss Sneed's FMLA retaliation claim is DENIED.

## C.   Rehabilitation Act Claims

The University also moves to dismiss Sneed's Rehabilitation Act claim. The University advances two arguments: (1) the University is entitled to sovereign immunity from Rehabilitation Act claims, and (2) Sneed failed to exhaust his administrative remedies. First, the University is not immune from suit under the Rehabilitation Act. *See Miller v. Tex. Tech. Univ. Health Scis. Ctr.*, 421 F.3d 342, 345 (5th Cir. 2005) (holding Louisiana and Texas waived sovereign immunity from suit under § 504 of the Rehabilitation Act by accepting federal funds); *see also Pace v. Bogalusa City*

---

[2] Sneed also represents he will disclose the medical details of his wife's illness once a protective order is entered. Of course, if Sneed continues to withhold such information, the University may be entitled to summary judgment in light of the absence of evidence of a qualifying serious health condition.

*Sch. Bd.*, 403 F.3d 272, 277–89 (5th Cir. 2005) (*en banc*).[3] Second, Sneed's Rehabilitation Act claim is subject to the same exhaustion requirements as his ADA claims. *See Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. 1981) (Rehabilitation Act claims are "subject to the same procedural constraints (administrative exhaustion, etc.) set forth in Title VII"). In this case, a liberal reading of Sneed's Charge reveals he worked for a state university and was allegedly discriminated against because of his disability. The EEOC investigation into such allegations can reasonably be expected to encompass allegations of disability discrimination under both the ADA and the Rehabilitation Act, particularly when the offending conduct is essentially the same. *See Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). The University's motion to dismiss Sneed's Rehabilitation Act claim is DENIED.

## Conclusion

In sum, Sneed's ADA failure to accommodate claim must be dismissed because his Charge was not timely filed with respect to the denial of his requested accommodation. Sneed has no pending causes of action under the ADA against the University, but has a discrimination claim pending against Powers in his official capacity (subject to any motion Powers may file with respect to that claim). Sneed's FMLA retaliation claim and Rehabilitation Act claim against the University are sufficiently pleaded to withstand a Rule 12 motion.

---

[3] The lone decision upon which the University relies is not to the contrary. *See Hurst v. Tex. Dep't of Assistive & Rehabilitative Servs.*, 482 F.3d 809 (5th Cir. 2007). *Hurst* dealt with a different kind of Rehabilitation Act claim—judicial review of state agency decisions—and interpreted a different statutory waiver provision. *Miller* involved a typical Rehabilitation Act failure to accommodate claim. 421 F.3d at 345 n.3. *Pace* involved similar claims regarding handicap accessibility. 403 F.3d at 291.

Accordingly,

IT IS ORDERED that Defendant University of Texas at Austin's Second Motion to Dismiss [#11] is GRANTED IN PART and DENIED IN PART, as described in this opinion.

SIGNED this the 4th day of August 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE